# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARGARET L. HARDESTY,**

      **Plaintiff,**

-vs-                                                      Case No. 6:09-cv-735-Orl-31KRS

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

      **Defendant.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, Margaret L. Hardesty ("Plaintiff"), Motion to Remand (the "Motion") (Docs. 5 and 10), and Defendant's, State Farm Mutual Automobile Insurance Company ("Defendant"), response in opposition thereto (the "Response") (Doc. 12).

## I. Overview

Plaintiff originally filed suit in Brevard County Circuit Court on March 25, 2009, alleging that Defendant breached its contract of insurance by wrongfully refusing to pay underinsured motorist benefits (Doc. 2). Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant removed the case from state court to this Court on April 28, 2009 (Doc. 1).

In her Motion, Plaintiff contends that removal was improper because: (1) there is not complete diversity of citizenship between the parties; and (2) the amount in controversy fails to exceed $75,000.00 (Doc. 5 at 1-2). Plaintiff does not raise any procedural arguments related to Defendant's removal.

## II. Standard of Review

Unlike state courts, lower federal courts are courts of limited jurisdiction: "They possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). There is a presumption that a cause lies outside this limited jurisdiction, and the burden of proving otherwise rests on the party asserting jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

For diversity jurisdiction to exist, no defendant may be a citizen of the same state as any plaintiff. *See* U.S. CONST. art. III, § 2; 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), *overruled on other grounds*, *Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. 497, 555 (1844). Furthermore, removal statutes are to be construed narrowly, and where the parties clash about jurisdiction, uncertainties are to be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. Of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

In the removal context, where damages are unspecified in the plaintiff's complaint, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See, e.g.*, *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996)). The amount in controversy is assessed at the time of removal. *See, e.g.*, *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961). If a district court cannot determine the amount of

controversy from the face of the complaint, it should consider the allegations in the notice of removal and any summary judgment type evidence that the amount in controversy exceeds $75,000.00. *See*, *e.g.*, *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Such evidence may include settlement offers. *Lowery*, 483 F.3d at 1212; *see also Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001).

**III. Analysis**

### A. Citizenship of the Parties

It is undisputed that Plaintiff is a citizen of the State of Florida. Assuming, then, that Defendant is not a citizen of the State of Florida, there is complete diversity between the parties.

Although Plaintiff concedes that Defendant is a "foreign corporation" doing business in the State of Florida (Docs. 2, ¶ 3 and 5 at 2), Plaintiff appears to contend that, because Defendant has subjected itself to the "jurisdiction of the Courts of the State of Florida pursuant to Fla. Stat. § 48.193(a)," and "sells policies of insurance in the State Florida," Defendant is a citizen of the State of Florida (Docs. 5 at 2 and 10 at 1-2).

As Defendant points out, Plaintiff appears to have confused personal jurisdiction with diversity of citizenship (Doc. 12 at 2). The question of Defendant's citizenship has nothing whatsoever to do with the sale of insurance policies within the State of Florida or whether the Court has personal jurisdiction over Defendant (clearly, it does). As a corporation, Defendant is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Because Defendant is a corporation organized under the laws of the State of Illinois, and with its principal place of business in the State of Illinois

(Doc. 1), Defendant is clearly a citizen of the State of Illinois. Accordingly, there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332.

**B. Amount in Controversy**

On or about June 2, 2008, Plaintiff's counsel sent Defendant a detailed settlement offer which, *inter alia*, stated: "With this package you will find everything that you need in order to make the determination that [Plaintiff's] claim has a value well in excess of [Plaintiff's] uninsured/underinsured motorist limits of $100,000.00" (Doc. 12-2 at 1).[1] Summarizing Plaintiff's damages, the settlement offer noted that Plaintiff had already incurred $8,425.00 in medical expenses, would incur $107,370.00 in future medical expenses, and had also suffered or would suffer non-economic damages in the amount of $75,000.00 for bodily injury, pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of enjoyment of life (Doc. 12-2 at 4). In total, Plaintiff's settlement offer concluded that Plaintiff's damages amounted to $190,795.00 (Doc. 12-2 at 4).

Despite the foregoing, Plaintiff now contends in her Motion that she does not "believe[] at this time" that the amount in controversy exceeds $75,000.00 (Doc. 10 at 2). More specifically, Plaintiff contends that although "the policy limits in this UM case are $100,000.00 and...Plaintiff previously offered to settle her UM claim [with Defendant] for that amount, that does not necessarily reflect the actual value of Plaintiff's claim, or the amount in controversy" (Doc. 10 at

---

[1] Plaintiff sent another settlement offer to Defendant on or about August 13, 2008 (Doc. 1 at 12). Like the June 2, 2008 offer, the August 13, 2008 offer stated that Plaintiff would "settle her claim for policy limits of $100,000.00" (Doc. 1 at 12).

2). Plaintiff offers no argument as to why her damages have since been reduced to $75,000.00 or less.

Upon review, the Court concludes that Defendant has established, by a preponderance of the evidence, that the amount in controversy in this case exceeded $75,000.00 at the time of removal. Plaintiff's June, 2008 and August, 2008 settlement offers clearly demonstrate that the minimum jurisdictional amount has been met in this case. Notwithstanding the approximately nine months that have elapsed since Plaintiff sent her demand letters and Defendant removed this case, Plaintiff offers no explanation as to why her damages have since been reduced by more than half of the $190,750.00 she claimed as of June 2, 2008. Accordingly, the Court concludes that the amount in controversy in this case exceeds $75,000.00. 28 U.S.C. § 1332(a).

**IV. Conclusion**

For the foregoing reasons, it is **ORDERED** that Plaintiff Margaret L. Hardesty's Motion to Remand (Doc. 5) is **DENIED**. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 18, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

-5-